UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO (CLEVELAND)

| | |
|---|---|
| In Re:<br><br>CHARLES L. MOTTON and<br>LORNA P. BARRETT-MOTTON,<br><br>Debtors. | Chapter 13 Case No. 12-14425-JPS |

**NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST I'S
*CORRECTED* MOTION TO REOPEN CHAPTER 13 CASE AND
FOR DECLARATORY RULING REGARDING DISCHARGE**

NOW COMES the National Collegiate Master Student Loan Trust I ("NCMSLT"), through counsel, and, pursuant to 11 U.S.C. § 350(b), moves to reopen the Chapter 13 bankruptcy proceedings of Charles L. Motton and Lorna P. Barrett-Motton, and for a declaratory ruling regarding the dischargeability of an educational loan owed to NCMSLT. In support thereof, NCMSLT respectfully states as follows:

## BACKGROUND

1. On June 13, 2012, debtors filed a Chapter 13 Voluntary Petition identifying on their Schedule F a student loan account in the amount of $38,000 owed to "AES Loan Servicing" (the "Student Loan"). Dkt. 1 at p. 26.

2. In accordance with 11 U.S.C. § 243, the Petition included a Notice to Consumer Debtors stating, in pertinent part: "After completing the payments under your plan, your debts are generally discharged except for … most student loans[.]" *Id.* at p. 13.

3. On August 30, 2012, the Court confirmed debtors' Chapter 13 plan. Dkt. 20. The plan did *not* provide for payment of the Student Loan. *See* Chapter 13 Plan, Dkt. 4.

4. On June 30, 2014, the Court entered a Discharge of Debtor[s] After

Completion of Chapter 13 Plan pursuant to 11 U.S.C. § 1328(a). Dkt. 27. The Discharge stated that "student loans" are "[s]ome of the common types of debts which are *not* discharged in a chapter 13 bankruptcy case[.]" *Id*. (emphasis added).

5. On September 11, 2014, this Court issued a final decree and closed the Chapter 13 bankruptcy case. Dkt. 31.

6. On August 11, 2020, NCMSLT filed a complaint against Charles Motton ("Motton") in the Cuyahoga County Common Pleas Court of Cuyahoga County, Ohio, in a matter styled *National Collegiate Master Student Loan Trust I v. Charles Motton*, Case No. CV 20-935778, seeking to collect the Student Loan in the sum of $38,483.62.

7. On November 5, 2020, Motton filed an Answer, Affirmative Defenses, and Class Counterclaim ("Class Action Counterclaim"), attached hereto as Exhibit A, in which he contends the Student Loan did not meet the criteria for nondischargeability under 11 U.S.C. § 523(a)(8)(A)(i). In particular, he alleges, in part:

> 64. The loan did not meet the criteria under § 523(a)(8)(A)(i) because they were not funded by a government unit or bona-fide nonprofit institution.
>
> 65. The loan also did not meet the criteria under § 523(a)(8)(A)(ii) because it was not an obligation to repay funds received as an educational benefit, scholarship, or stipend.
>
> 66. For a debt to be considered non-dischargeable under 11 U.S.C. § 523(a)(8)(B) it must be a "qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986...." The loan for which [NCMSLT] sued Motton did not meet these criteria.

Exh. A at ¶¶ 64-66.

8. Accordingly, Motton alleges the Student Loan was discharged by this

2

Court's Discharge Order, as follows:

> 41. On June 13, 2012, Motton filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio. Among the debts he listed on Schedule F of his bankruptcy petition was a debt to AES Loan Servicing ("AES").
>
> 42. AES, on behalf of [NCMSLT] and with its authority, filed a Proof of Claim in Motton's bankruptcy estate.
>
> 43. Motion's Chapter 13 bankruptcy plan stated $38,000 was due to AES.
>
> 44. During the pendency of his bankruptcy case, Motton made payments as directed by his Chapter 13 plan to all creditors that filed a proof of claim, which the bankruptcy trustee distributed to creditors.
>
> 45. On June 30, 2014, having successfully completed his bankruptcy plan, Motton received an order of discharge of all dischargeable debts, including the debts claimed by [NCMSLT], from the bankruptcy court under 11 U.S.C. § 1328(a).

*Id.* at ¶¶ 41-45.

9. Motton's Class Action Counterclaim asserts counterclaims and defenses based fundamentally on the contention that Motton's obligation on the Student Loan was discharged in this bankruptcy:

> 67. Therefore, this action filed by [NCMSLT] against Motton was invalid, because any and all debt claimed had been discharged in the prior bankruptcy.

*Id.* at ¶ 67.

## LAW AND ARGUMENT

10. In the interest of time and where facts are undisputed, the Court may consider

3

a request for relief made via a Fed. R. Bank. P. 9014 motion that is otherwise available to a party through an adversary proceeding pursuant to Fed. R. Bank. P. 7001. *See In re Horton*, 87 B.R. 650, 651 (Bankr. D. Colo. 1987) ("[T]he Court finds that the motion procedure is a proper means of presenting the proceedings in this case for the reasons set forth in the Association's brief.") (citing *In re Stern*, 44 B.R. 15, 16 fn.3 (Bankr. D. Mass. 1984)) ("Although the debtor's request to avoid the lien as a preferential transfer should have been made by complaint, *see* Bankruptcy Rule 7001(2), since no objections were raised to the procedure, and the facts were undisputed, the Court decided to hear the matter as presented in the interest of saving time.").

11. The Court's authority to reopen this case and make a finding as to the non-dischargeability of the Student Loan owed to NCMSLT derives from Fed. R. Bank. P. 5010 and 11 U.S.C. § 350(b). Rule 5010 states that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." *See also* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."); *In re Collins*, 173 F.3d 924, 929-31 (4th Cir. 1999) (discussing 11 U.S.C. § 350(b) and concluding that "[a]n adversary proceeding, with its compulsory process, is not required to reopen a case because the bankruptcy court's power to reopen flows from its jurisdiction over debtors and their estates").

12. Here, given the pendency of Motton's Class Action Counterclaim in Ohio state court and considering there are no disputed facts between the parties relating to the dischargeability of the Student Loan—just the application of law to those facts—NCMSLT

4

files this motion to reopen the Chapter 13 case and requests the Court enter an Order finding the Student Loan was not discharged by the Court's June 30, 2014 Discharge.

13. Under § 523(a)(8), student loans made to repay an "educational benefit" or "made under any program funded in whole or in part by . . . nonprofit institutions" are presumed non-dischargeable absent a finding of undue hardship. 11 U.S.C. § 523(a)(8); *see Davis v. Pioneer Credit Recovery, Inc.*, 2012 WL 10376, *7 (C.D. Cal. Jan. 3, 2012) (quoting *In re Rifino*, 245 F.3d 1083, 1087 (9th Cir. 2001)); *In re Wetzel*, 213 B.R. 220, 224 (Bankr. N.D.N.Y. 1996) ("Code § 523(a)(8) is self-executing, and thus the burden is *on the debtor* to initiate a proceeding to determine the dischargeability of the debt. A creditor is under no obligation to file a complaint to determine whether its debt is nondischargeable.") (emphasis added).

14. In this case, the Student Loan was a loan made to repay an educational benefit and made under a program funded by a nonprofit, The Education Resources Institute, Inc. ("TERI"). Therefore, the Student Loan is presumed non-dischargeable; and because Motton did not initiate an adversary proceeding for a determination of undue hardship, the Student Loan is not included in the Court's discharge order.

15. Many courts have held that loans guaranteed by TERI fall within the exception to discharge found in § 523(a)(8)(A)(i). *See, e.g., In re O'Brien*, 419 F.3d 104, 106 (2d Cir. 2005) ("While it may be true that TERI merely guaranteed, without funding, [the plaintiff's] particular loan, [the relevant question is] whether TERI funded the loan *program* under which [the plaintiff's] loan was made . . . because TERI was clearly devoting some of its financial resources to supporting the program."); *In re Drumm*, 329

B.R. 23, 35 (Bankr. W.D. Pa. 2005) ("[T]he fact that the for-profit entity's funding of the loan was conditioned upon the non-profit participation in guaranteeing the loans was sufficient for the court to conclude that the non-profit played a meaningful part in procurement of the loans."); *In re McClain*, 272 B.R. 42, 46 (Bankr. D.N.H. 2002) ("As the above language illustrates, Ameritrust/Key's funding of the loans at issue was conditioned upon TERI's participation in guaranteeing the loans. Thus, TERI played a meaningful part in procurement of the loans, making them nondischargeable pursuant to the language of § 523(a)(8)."); *In re Hammarstrom*, 95 B.R. 160 (N.D. Cal. 1989) (regarding TERI loan, Court found that "by using the broad language 'made under any program funding in whole or part by . . . a nonprofit institution,' Congress intended to include with section 523(a)(8) all loans made under a program in which a nonprofit institution plays any meaningful part in providing funds"); *Greer-Allen*, 602 B.R. 831, 838 (Bankr. D. Mass 2019) (finding TERI's guaranty of NCMSLT's sister trust loans made under the loan program conclusively establishes that the loan program was funded in part by TERI).

16. Moreover, courts have reached the same conclusion specifically with respect to loans owned by the National Collegiate trust entities, including very recently in two cases within the Ninth Circuit. *See Medina v. National Collegiate Student Loan Trust 2006-3*, No. 19-90065-LT, 2020 WL 5553451, at *4 (S.D. Cal. Sept. 10, 2020) ("TERI's guaranty of Plaintiff's loan program is funding of that program under § 523(a)(8)(A)(i)."), *appeal pending* No. 3:20-cv-0191; *Mata v. National Collegiate Student Loan Trust 2006-1, et al.*, No. 6:18-ap-01089-MH, Dkt. 103 (C.D. Cal. July 31, 2020), *appeal pending* BAP

6

12-14425-jps    Doc 34    FILED 12/30/20    ENTERED 12/30/20 11:33:58    Page 6 of 9

No. 20-1208; *see also, e.g.*, *In re Cleveland*, 559 B.R. 265, 269, 271 (Bankr. N.D. Ga. 2016) (holding that three National Collegiate trust loans "were made under a program funded in whole or in part by a non-profit institution . . . [TERI]", and they were therefore nondischargeable under Section 523(a)(8)(A)(i)); *Greer-Allen*, 602 B.R. at 838 (concluding NCMSLT's sister trust loans were nondischargeable under § 523(a)(8)(A)(i)).

17. Additionally, there is no legitimate question that the debt owed by Motton to NCMSLT, characterized on his bankruptcy Schedule F as a "Student Loan," was an "obligation to repay funds received as an educational benefit" under 11 U.S.C. § 523(a)(8)(A)(ii).

18. The Ohio state court where Motton's Counterclaim is pending plainly lacks jurisdiction to find the student loan debt was discharged by this Court's discharge order. *See, e.g.*, *In re Pavelich*, 229 B.R. 777, 783 (9th Cir. BAP 1999) ("[T]he types of matters that must fall under the exclusive jurisdiction of the bankruptcy court . . . include discharges."); *Warren v. Calania Corp.*, 178 B.R. 279, 281 (M.D. Fla. 1995) ("The issuance of a bankruptcy discharge is a matter within exclusive federal jurisdiction.").

19. Motton never filed an adversary proceeding requesting a discharge of the Student Loan debt he scheduled in his Chapter 13 case, and the Ohio state court lacks jurisdiction to enter an order discharging the loan. Accordingly, this Court should find that the Student Loan was not discharged and remains owing unless and until Motton receives a discharge through an adversary proceeding under Rule 7001.

WHEREFORE, National Collegiate Master Student Loan Trust I respectfully requests this Honorable Court grant its Motion to Reopen this Chapter 13 Case pursuant to

Rule 5010 and 11 U.S.C. § 350(b) and enter an Order finding the Student Loan was not discharged in the Court's June 30, 2014 Discharge, and for all further relief that is appropriate and just.


Dated: December 30, 2020               *s/ Andrew E. Cunningham*
                                       Andrew E. Cunningham (6314441)
                                       Sessions, Israel & Shartle, LLC
                                       141 W. Jackson Blvd., Suite 3550
                                       Chicago, IL 60604-2992
                                       Telephone: (312) 578-0992
                                       E-mail: acunningham@sessions.legal

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020, a true and correct copy of **National Collegiate Master Student Loan Trust I's Corrected Motion to Reopen Chapter 13 Case and for Declaratory Ruling Regarding Discharge** was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

> Debra E. Booher, on behalf of Charles L. Motton and Lorna P. Barrett-Motton, debtors, at charlotte@bankruptcyinfo.com
>
> Craig H. Shopneck, on behalf of Chapter 13 Trustee's office at ch13shopneck@ch13cleve.com
>
> Timothy M. Sullivan, on behalf of State of Ohio Department of Taxation, creditor, at tim@tmslaw.net and jkoberg@tmslaw.net

And by regular U.S. mail, postage prepaid, on:

> Charles L. Motton and Lorna P. Barrett-Motton at 18378 Brick Mill Run, Strongsville, Ohio 44136

*s/ Andrew E. Cunningham*
Andrew E. Cunningham (6314441)
Sessions, Israel & Shartle, LLC
141 W. Jackson Blvd., Suite 3550
Chicago, IL 60604-2992
Telephone: (312) 578-0992
E-mail: acunningham@sessions.legal